# JOHN DEERE *et al.*

## *v.*

# ELISHA LEWIS *et al.*

1. PRACTICE—*rendition of judgment by a court—disposes of a motion to set aside the verdict and for a new trial.* Where the record entry is, that the court overruled the motion for a new trial, and the motion entered was, to set aside the verdict and to grant a new trial: *Held,* that this disposed of the whole motion. The rendition of judgment disposes of all such motions.

2. EVIDENCE—*contracts.* In an action to recover for the breach of a contract to deliver a certain number of agricultural implements, the plaintiff offered in evidence an order or memorandum, specifying the number and quality of the implements ordered, for the purpose of enabling the jury, in connection with other proof, to fix the price agreed to be paid. It did not constitute the contract of the parties, and the suit was not based upon this instrument. To this the defendant objected, for the reason that a copy of such order was not filed with the declaration: *Held,* that it was not necessary to file a copy of such instrument with the declaration, and that it was properly admitted in evidence, for the purposes for which it was offered.

3. DAMAGES—*measure of—for breach of contract.* And in such case, the measure of damages would be, the property purchased not having been paid for, the difference between the value of the articles at the place and on the day when the delivery ought to have been made, and the contract price.

4. FORMER DECISIONS. The cases of *Smith* v. *Dunlap,* 12 Ill. 184, and *Phelps* v. *McGee,* 18 ib. 155, cited in support of this rule.

5. DAMAGES—*nominal—when plaintiff only entitled to.* And where in such case, the proof shows that at the time when the articles contracted for should have been delivered, they could have been purchased for less than the contract price at the place of delivery, the plaintiff is not entitled to recover other than nominal damages for the breach of the contract.

6. The law will not permit a party to willfully violate his contract, and if he does, the other may sue and recover nominal damages, even when substantial damages have not been sustained.

7. FRAUD—*vitiates every contract—false representations—effect of.* Where a party, by means of false and fraudulent representations concerning his pecuniary responsibility, procures from another a contract for the sale and delivery to him of certain property, the latter is discharged from performance of the agreement, upon discovery of the fraud practiced upon him. Fraud vitiates all contracts.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. T. P. BONFIELD and Mr. H. LORING, for the appellants.

Mr. C. A. LAKE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees in the Kankakee Circuit Court, against appellants, to recover for the breach of a contract to deliver a large number of plows and cultivators. It appears that appellees gave an order, or delivered a memorandum, to appellants, specifying the number of each kind of plow and cultivator they desired to purchase, to be delivered on the cars at Moline, by the 1st of February, 1867. It seems that the order, as it is called, was a printed list of the various implements manufactured by appellants, with prices annexed, designed by them to be filled up by the purchaser inserting the number and quality of each article he might desire to purchase. It also appears that in this case it was agreed that thirty per cent. should be deducted from the printed prices of the articles ordered by appellees. The order specified the several times when the different payments were to be made by appellees.

Appellants failed and refused to fill the order, and on the trial below attempted to justify their refusal upon the ground that Lewis, when he made the order, falsely and fraudulently represented that he had property, which he did not own, and fixed exorbitant valuations on such as he did own, and represented it as free from incumbrance, when it was largely incumbered, and that they had offered appellees the implements for cash, at five per cent. less than the price first agreed upon, but appellees declined to pay cash on those terms.

Appellants proved that at the time agreed upon for delivery, the implements ordered were five per cent. lower at Moline than the contract price. The jury found a verdict for $175, and a motion for a new trial was interposed, but overruled by the court, and this appeal is prosecuted.

It is first urged, that the court erred in failing to overrule the motion to set aside the verdict. The motion entered was to set aside the verdict and to grant a new trial. The record entry is, that the court overruled the motion for a new trial. This, of itself, disposed of the whole motion. The court could not grant a new trial without setting aside the verdict, and in refusing to grant a new trial, the court refused to set aside the verdict. This seems so obvious that its mere statement demonstrates the conclusion. The rendition of the judgment overrules and disposes of all such motions; and this is so manifestly clear that reasoning cannot render it more obvious to the comprehension of all persons in the profession.

It is, again, objected, that the court below erred in admitting the order in evidence, because a copy had not been filed with the declaration. We do not see that there was error in this. The order was but a memorandum, only expressing a part of the contract. It fixed the number and quality of the implements ordered, but did not fix the prices agreed to be paid. Both parties agree that the prices were to be thirty per cent. less than those indicated in the printed list. It was not the contract, nor was it sued upon in this case. It was introduced as a memorandum, in connection with the oral evidence already before the jury, to enable them to fix the price agreed to be paid. Not expressing the agreement of the parties, and not having been sued upon, a copy of this memorandum was not required to be filed with the declaration. It was in the hands of appellants when suit was brought, and it was entirely beyond the control of appellees. There was no error in its admission as evidence, for the purpose for which it was offered.

We now come to the question of the measure of damages. On this question, neither party have referred to any authority, but one side contends the measure adopted by the jury was wrong, and the other insists it was correct. The general rule is, on a breach of contract to deliver goods, the measure is the loss sustained by the failure to perform the agreement. While this, like all other legal propositions, is plain and simple, its practical application frequently becomes difficult and embarrassing. This court, in the case of *Smith* v. *Dunlap*, 12 Ill. 184, adopted the rule, that the measure of damages in such a case, where the price has been paid, is the cash value of the chattel at the time it should be delivered under the agreement. In that case, there was a full review of the authorities, and the rule announced was deliberately adopted, and has been adhered to as the law of the court. It was also held, that where payment had not been made for the property purchased, the difference between the price agreed upon and the value of the property at the time of delivery, was the true measure of damages. In the case of *Phelps* v. *McGee*, 18 Ill. 155, the same rule was announced, and the place of delivery was held to be the market which must fix the measure of damages. It, then, follows, that the value of the implements at Moline, on the 1st day of February, 1868, must determine the measure of damages. The proof shows that they were five per cent. lower at that time than when purchased, and that appellants offered to sell the same articles to appellees for cash at that much less.

Instead, then, of the goods having advanced in price, they had receded ; and according to the rule announced in the cases referred to, there was and could be no damages, and yet the jury seem to have reversed the rule, and allowed appellees to recover the five per cent. which the goods had fallen in price. It is, however, insisted, that as appellants were the only persons who manufactured the goods, and as no one else had them on sale by the quantity, they had it in their power to regulate

the market price, and appellees could not show that such implements had risen in market. This all may be true, and still it does not follow that appellees were injured. On the contrary, they were offered the same articles for five per cent. less, on that day, by appellants, if appellees would pay the cash. Had they purchased, they could have saved the amount of the verdict.

The rule adopted by this court, proceeds upon the ground that, if the vendor fails to deliver, the vendee can go into the market and purchase the same goods or chattels to supply his demands, and if he has to pay a higher price, he is injured to that extent by the breach of the contract, and may compel the vendor to make it good, by a recovery of that sum as damages. In this case, appellees could have gone into that market and purchased the same articles for less, because appellants offered to sell them five per cent. less than they agreed to pay.

If, however, there was a breach of contract, appellants were liable to nominal damages. The law never permits a party to willfully break his solemn engagements, and to trifle with and disappoint with impunity those with whom he deals; and where there has been a violation of a contract by one party, the other may sue and recover nominal damages, even when substantial damages have not been sustained. If, then, appellants, without any sufficient excuse, violated their agreement, they would be liable for at least nominal damages.

If appellees procured the contract by means of false and fraudulent representations, made by Lewis, as to his solvency, the amount and value of the property he held, and that it was free from incumbrance, then appellants were not bound to deliver the chattels under the agreement. Fraud vitiates all contracts. But this is a question for the jury to determine from the evidence.

The court below should have granted a new trial, as the evidence failed to sustain the measure of damages found by

the jury, and for that reason the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*