(No. 38527.—

The People of the State of Illinois, Appellee, *vs.* James Allen Buckholz, Appellant.

*Opinion filed May 20, 1965.*

James Allen Buckholz, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOSEPH R. BARTYLAK, State's Attorney, of Edwardsville, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Allen Buckholz was indicted for murder in the circuit court of Madison County, pleaded guilty, and was sentenced to life imprisonment in the penitentiary. He prosecutes this writ of error *pro se*. The defendant contends that a confession was obtained by constitutionally impermissible means and that because the prosecution had this confession available as evidence, he was compelled to plead guilty.

The indictment charges defendant with the murder of Yeranhoui Yakuboff on September 16, 1961. Several hours after the victim's body was found defendant gave a chronological statement of the events leading up to and including the murder, after the interrogating officers told him he did not have to make any statement. The record does not show that defendant requested counsel at the time of interrogation.

On October 3, 1961, defendant was arraigned and pleaded not guilty. At the arraignment Austin Lewis, Public Defender of Madison County, was appointed to represent the defendant. On November 13, 1961, defendant appeared in court with his attorney and withdrew his plea of not guilty and entered a plea of guilty. Counsel for defendant informed the court that he had explained to defendant his right to a trial and the punishment if found guilty. The court, after thoroughly admonishing defendant of his right to a trial and of the consequences of his plea, accepted the plea of guilty and adjudged him guilty of murder. After finding defendant guilty, the court heard evidence in aggravation and mitigation, and at this time the prosecution introduced defendant's confession without objection from counsel.

Defendant contends he was coerced into pleading guilty because the prosecution had a confession which would insure defendant's conviction. He further contends that the confession was made after his request to consult with counsel was refused, and he urges the applicability of *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. ed. 2d 977, 84 S. Ct. 1758.

There is nothing in the record to support either contention. At no stage in the proceedings did defendant raise these issues by motion or otherwise. He did not ask the trial court to determine whether the confession was obtained by constitutionally permissible means, nor did he object to its introduction in the hearing on aggravation and mitigation. The issue of whether defendant's confession was voluntary or whether he was denied the assistance of counsel when making the confession cannot be reviewed because no such claim was raised in the trial court, (*People* v. *Bush,* 29 Ill.2d 367,) and no evidence was ever taken on these issues. It is impossible for us to consider the applicability of the *Escobedo* case under these circumstances.

The mere fact that the prosecution had in its possession an incriminating statement is not grounds for reversal of a conviction where defendant, with the assistance of counsel, knowingly and understandingly waived his right to a trial and pleaded guilty.

The judgment of the circuit court of Madison county is affirmed.

*Judgment affirmed.*