(No. 41112.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LaRoy Watson, Appellant.

*Opinion filed September 26, 1969.*

CARR, RAFFAELLE & COOK, of East St. Louis, (REX CARR, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, and JOHN M. KARNS, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On April 21, 1966, an indictment which charged the defendant, LaRoy Watson, with armed robbery, was returned in the circuit court of St. Clair County. An assistant public defender was appointed to represent him, and he entered a plea of not guilty. The case came on for trial on May 26, 1966, and after 8 jurors had been accepted, the defendant withdrew his plea of not guilty, and pleaded guilty to a charge of robbery. He was sentenced to imprison-

ment in the penitentiary for a term of not less than 4 nor more than 7 years. No appeal was taken.

Thereafter, on August 14, 1967, defendant filed a *pro se* post-conviction petition and requested the appointment of counsel. The same assistant public defender was appointed to represent him. No amended post-conviction petition was filed, and the original petition was denied without a hearing. The defendant appealed to the Appellate Court, Fourth District, which transferred the appeal to this court.

The defendant's *pro se* petition, unsupported by affidavit or other proof, alleges in an amateurish fashion that his plea of guilty was coerced as the result of an involuntary confession; that he was suffering from a heart condition at the time of his arrest and "that he was beaten and feared his life being taken, and signed a confession to avoid any damage to his health, mentally or physically." The petition also alleged that "his given counsel was cunning and misleading in his serving his client and allured Petitioner into incriminating himself."

It is first contended on behalf of the State that because the post-conviction petition was not verified it was properly dismissed. This contention cannot be sustained. The Post-Conviction Hearing Act provides that a petition may be amended or withdrawn. (Ill. Rev. Stat. 1967, chap. 38, par. 122—5.) Concerning this provision we have said: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se*, so that it would adequately present the prisoner's constitutional contentions. The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into ap-

propriate legal form and presents them to the court." *People* v. *Slaughter*, 39 Ill.2d 278, 285.

The formal deficiency upon which the State concentrates should have been remedied by amendment. Moreover, in this case the trial court, despite the charge leveled against the assistant public defender by the defendant, appointed the same assistant public defender to represent the defendant in his post-conviction proceeding. We cannot presume, in these circumstances, that the public defender's failure to amend the petition was proper. We are therefore compelled to reverse the judgment dismissing the post-conviction petition, and to remand the case to the circuit court with directions to appoint other counsel to represent the defendant and to permit the filing of an amended post-conviction petition.

*Reversed and remanded, with directions.*