(No. 41478.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE HAWKINS, Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

GEORGE P. LYNCH, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment in the circuit court of Cook County dismissing, on motion of the State, petitioner's post-conviction petition.

On August 30, 1966, Willie Hawkins pleaded guilty to two charges of burglary and was sentenced to concurrent terms of from three to five years to be served in the Illinois State Penitentiary. Thereafter, in 1968, Hawkins filed a *pro se* post-conviction petition alleging violation of certain of his constitutional rights. The petition was not supported by affidavits, records or other evidence. The public defender was appointed by the court to represent petitioner in this cause. On motion of the State, the court dismissed the petition for failure to raise any constitutional issue and because the petition was not supported by affidavit. This appeal followed.

It is petitioner's contention that (1) his representation by court-appointed counsel in the proceedings below was inadequate, and (2) his petition, though inartfully drafted, sets

forth with sufficient particularity valid constitutional claims entitling him to a post-conviction hearing.

The petition before us is, to a great extent, conclusional in nature and unsupported by factual documentation; and is further deficient in that it neither identified the proceedings in which the petitioner was convicted nor gives the date of the rendition of the final judgment complained of as is required by the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*). It is apparent that this petition was prepared by someone with a very meager knowledge of the law.

Petitioner's court-appointed post-conviction counsel made no attempt to amend this petition and, at the hearing on the motion to dismiss, merely recited the claims of constitutional error as set forth in the *pro se* petition.

In *People* v. *Slaughter*, 39 Ill.2d 278, this court, in discussing the provisions of the Post-Conviction Hearing Act relating to appointment of counsel and the amendment or withdrawal of petitions (Ill. Rev. Stat. 1967, pars. 122—4 and 122—5), stated that "the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the petitioner's constitutional contentions." (39 Ill.2d at 285.) The opinions of this court since *Slaughter* (see *People* v. *Tyner,* 40 Ill.2d 1; *People* v. *Wilson,* 40 Ill.2d 378; *People* v. *Barnes,* 40 Ill.2d 383; *People* v. *Craig,* 40 Ill.2d 466; *People* v. *Watson,* 43 Ill.2d 108; and, *People* v. *Garrison,* 43 Ill.2d 121), as well as our rules (Rule 651, 43 Ill.2d, No. 4) have reinforced the soundness of that holding.

The statutory deficiencies obtaining within this petition should have been corrected by counsel through the filing of an amended petition after consultation with petitioner and review of the trial transcript. From the record we have be-

fore us, it is apparent that none of these procedures were followed by petitioner's appointed counsel.

Having found that petitioner's post-conviction representation was inadequate, we need not consider his other contention. The judgment is therefore reversed and the cause remanded to the circuit court of Cook County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.