(No. 42473.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BRUCE WILCOXEN, Appellant.

*Opinion filed May 20, 1970.*

JAMES L. PERBIX, of Havana, appointed by the court, for appellant.

WILLIAM H. KNUPPEL, State's Attorney, of Havana, for the People.

Mr. JUSTICE BURT delivered the opinion of this court:

This is an appeal from an order of the circuit court of Mason County granting the State's Attorney's motion to dismiss a petition under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1965, ch. 38, par. 122—1 *et seq.*

The defendant, Bruce Wilcoxen, age 20, was charged in two counts with burglary and the misdemeanor of theft on November 29, 1967, by way of an information. An attorney was appointed to defend him on November 30, 1967. On December 28, 1967, the defendant appeared personally and by his court-appointed counsel in open court and, after an explanation of his rights, waived his right to indictment by the grand jury and the right to a jury, and entered volun-

tary pleas of guilty to both counts of the information. Application was then made for release on probation and after extensive probation and presentence investigation the appellant was denied release on probation and on January 11, 1968, was sentenced to the Illinois State Penitentiary for an indeterminate term of not less than three years nor more than ten years.

On March 15, 1969, the defendant filed a *pro se* post-conviction petition and an attorney was appointed to represent the defendant on March 22, 1969. The People filed a motion to dismiss the petition filed by the defendant. On June 3, 1969, the court-appointed counsel for the defendant appeared before the trial court for argument upon the motion to dismiss. After hearing the People's argument on the motion to dismiss by the State's Attorney and the argument of court-appointed counsel, the trial court entered an order dismissing the petition filed by the defendant. The defendant's court-appointed attorney did not ask leave of court to file an amended petition and in fact none was filed.

The defendant contends in this appeal that the judgment of the court dismissing the defendant's post-conviction petition should be reversed because of the failure of the defendant's court-appointed counsel to amend the petition. He further contends that he did not receive adequate representation with regard to his petition.

In the case before this court the appointed attorney vigorously argued in an extended hearing the points raised by defendant's petition, including the competency of defendant.

At the close of the hearing the court said there was no need for amendment of the petition because he would consider it as though it had been amended. The court stated that "if I felt that there was a proper ground that was alleged in this petition, regardless of whether it's in the proper phraseology, that we know that most of them are not, but even if there was, by reading between the lines, some kind

of an indication of a constitutional right, that this is limited to, this post-conviction proceeding, if there was any indication of a violation of a constitutional right, even by innuendo, we would allow this petition to go right ahead to be heard and bring the Defendant up here for his presence at the hearing. No question about that."

Defendant's complaint in his petition centers around his contention that he should have been given a competency hearing. The court reviewed the defendant's previous history of psychiatric problems and confinements, pointed out that he had been tested at various institutions and discharged as without psychosis, all of which was known to the trial court and all counsel at the arraignment, sentencing, and at the combined hearing on probation and aggravation and mitigation. The court found that the trial court had ample opportunity to observe the defendant and to check his record. The court pointed out that competent counsel represented defendant. No motions were made and there was nothing in the defendant's record since 1966 to indicate any mental problem.

There is no basis for a claim of incompetency of counsel here as defendant's constitutional rights were fully protected and ably presented. *People* v. *Brown* (1968), 41 Ill.2d 230.

The judgment of the trial court dismissing the petition is affirmed.

*Judgment affirmed.*