314

(No. 42143.—

The People of the State of Illinois, Appellee, *vs.*
Lerald Edward Willis, Appellant.

*Opinion filed May 20, 1970.*

Darrell R. Reno, of Pontiac, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

This appeal comes to us from the circuit court of Livingston County, where defendant had pleaded guilty to theft of a Ford tractor and tractor-trailer taken from a service station on U.S. Route 66 near Pontiac on August 24, 1965. Defendant was sentenced to five to ten years in the State penitentiary at Menard on September 9, 1965.

On October 19, 1967, while in Menard, the defendant caused to be filed two petitions, one for *habeas corpus* and the other for "Post-Conviction Review of Criminal Procedure". The *habeas corpus* petition was dismissed on motion November 21, 1967, and no appeal was taken.

The petition for post-conviction review, however, cov-

ered the same points as the *habeas corpus* petition and additional points. No motion to amend this petition was filed, and apparently this petition has never been heard or ruled upon.

A second post-conviction petition was filed June 7, 1968. The court appointed the same attorney to represent the defendant at the hearing on this petition which was held on August 27, 1968. This post-conviction petition contains further allegations of deprivation of constitutional rights, and also includes a contention that defendant was offered a two-to-five-year sentence for a plea of guilty.

At the hearing on the motion to dismiss the second post-conviction petition the court found "that on the 16th day of November, 1967, the said Lerald Edward Willis filed in this court his post-conviction petition, which, after a hearing in this court, was, on written motion of the State's Attorney of this County, duly dismissed. That no appeal from the said judgment of the Court has been taken, leaving the said judgment of this court as a final decree in said matter. That whatever matters, the said petition failed to incorporate in the original petition, or any amendment thereof, has been waived, and cannot be the subject of a new petition, as is herein attempted. It is, therefore, ORDERED that the Petition of Lerald Edward Willis be and the same is hereby dismissed and ordered stricken from the docket of this court."

The record does not, however, show any disposition of the original post-conviction petition. It was only the *habeas corpus* petition which was disposed of by the order entered November 21, 1967.

In view of the state of this record, the judgment is reversed and the cause is remanded to the circuit court of Livingston County for the completion of the record.

*Reversed and remanded.*