THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ROGER BURNS, Petitioner-Appellant.

(No. 71-288; ▮▮▮▮▮▮

Fifth District—March 13, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Robert H. Rice, State's Attorney, of Belleville, (Fred G. Leach, Thomas J. Immel, and Stephen D. Porter, Assistant Attorneys General, of counsel,) for the People.

PER CURIAM:

On January 24, 1966, the appellant entered a plea of guilty to a charge of murder. On December 8, 1967, he filed a *pro se* petition for post-conviction relief. After appointment of counsel by the court, the State's Attorney filed a motion to dismiss. On July 18, 1969, the court held a hearing, during which the appellant, his counsel, and the State's Attorney were present. After reserving a ruling on the motion to dismiss, the court heard evidence from the appellant and other witnesses and argument by counsel. After the filing of briefs by both sides, the court entered an order on November 13, 1969, reciting that "Post Conviction Petition Denied".

The appellant appeals from the order denying the post conviction petition, alleging (1) the trial court failed to rule on the motion to dismiss and this failure adversely affected his ability to appeal; and (2) he did not receive adequate representation by his court appointed counsel.

■■ With regard to the final order entered by the court, we hold that the order was both a denial of the post conviction relief and also con-

stituted an implied denial of the motion to dismiss. (*Deere v. Lewis* (1869), 51 Ill. 254; *Home Flax Co. v. Beebe* (1868), 48 Ill. 138.) The appellant argues that the inability to say whether the ultimate finding against the appellant was a result of paucity of proof or insufficiency of pleading has left the appellant in a quandary on appeal. Appellant does not contend that the trial court erred by an improper ruling on his petition, but contends the trial court erred in failing to rule specifically on the State's motion to dismiss, citing *People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456. There the issue concerned the grounds for the trial court's sustaining of the motion to dismiss, and by the trial court's ruling Hamby was denied an evidentiary hearing on his *pro se* petition. Here the trial court's refusal to rule on the State's motion to dismiss did not deprive defendant of an evidentiary hearing. In *People v. Willis*, 45 Ill.2d 314, 259 N.E.2d 26, also cited by appellant, the petition for post conviction relief was not ruled upon, and the Supreme Court held that the failure of the record to show that the court acted on the petition, required reversal. Neither *Hamby* nor *Willis* are here applicable. The failure of the trial court to rule on the State's motion to dismiss in our opinion contributes nothing to appellant's contention concerning the inadequacy of counsel.

■■ Concerning the inadequacy of counsel, the appellant argues that his counsel did not redraft his petition and that the record does not affirmatively show that his counsel consulted with him or that his counsel studied the record of the prior proceedings. Supreme Court Rule 651(c), requiring affirmative allegations in the record concerning consultation and familiarity with the record, was not in effect at the time of the appellant's hearing or at the time of the court's order and, therefore, the failure of the record to disclose consultation and familiarity with the record does not constitute error. (*People v. Wales* (1970), 46 Ill.2d 79, 262 N.E.2d 926.) At the appellant's hearing, his counsel displayed a sound working knowledge of the record in his examination of witnesses and in his closing argument. Furthermore, he submitted a thoughtful brief and reply brief. The failure to amend the *pro se* petition was not enough to establish inadequacy of representation in the absence of a showing that the petition could have been successfully amended. (*People v. Smith* (1968), 40 Ill.2d 562, 241 N.E.2d 413.) A review of the record discloses that the appellant received adequate representation by his appointed counsel. *People v. Wilcoxen* (1970), 45 Ill.2d 365, 259 N.E.2d 39.

Accordingly, the order of the trial court is affirmed.

Order affirmed.