THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAURICE FRANKLIN GRAY, Defendant-Appellant.

(No. 71-347;

Fifth District—April 11, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant Maurice Franklin Gray, entered a plea of guilty to a charge of burglary and was sentenced to a term of three to ten years in the penitentiary. He thereafter filed a post-conviction petition which was dismissed upon motion of the State's Attorney. On appeal he contends that the court erred in dismissing his petition without an evidentiary hearing and that counsel appointed to represent him at the post-conviction hearing provided inadequate representation.

■■ We will turn first to defendant's allegation that he was afforded inadequate representation of counsel. One of the allegations contained in defendant's post-conviction petition was that the attorney appointed to represent him at the trial, the Public Defender of St. Clair County, induced him to plead guilty through representations that he would receive probation were he to enter such a plea. Despite this allegation the trial court appointed the office of public defender to represent defendant in the post-conviction proceedings, which action we find to be highly prejudicial to defendant's right to full and capable assistance of counsel. *People v. Smith,* 37 Ill.2d 622; *People v. Watson,* 43 Ill.2d 108.

■■ Trial counsel should not be placed in the position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon the integrity of counsel's own office. The possibility that in such an instance counsel would be less than enthusiastic and efficient in his presentation of such a claim is too great to overlook. An individual defendant is entitled to full and competent assistance of counsel and where his attorney obviously has divided loyalties the defendant is clearly deprived of this right.

We therefore reverse the judgment dismissing defendant's post-conviction petition and remand the cause to the Circuit Court of St. Clair County with directions that the court appoint counsel other than the Public Defender's office to represent defendant in the post-conviction proceedings; allow such amendments to the post-convicition petition as

newly appointed counsel may wish to make, and thereafter make independent determination of the adequacy of the post-conviction petition, if tested, and such further proceedings as are required by law.

Reversed and remanded with directions.

JONES and CREBS, JJ., concur.