(No. 43783.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JOHN P. BRITTAIN, Appellant.

*Opinion filed May 22, 1972.*

RYAN, J., dissenting.

LAWRENCE S. SPEYER, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of

Chicago (JAMES B. ZAGEL, Assistant Attorney General and ROBERT A. NOVELLE and JAMES E. STERNIK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, John P. Brittain, appeals from the judgment of the circuit court of Cook County dismissing his petition filed under the provisions of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

The record shows that on April 2, 1962, petitioner, represented by the public defender, pleaded guilty to two charges of armed robbery, two charges of robbery and one charge of rape, and the circuit court imposed five sentences of not less than 10 nor more than 50 years, to be served concurrently.

On November 27, 1962, petitioner filed a post-conviction petition, *pro se,* alleging that he had been induced by the assistant public defender who represented him to plead guilty to the charges on the promise "not merely recommended, but guaranteed" that the maximum sentence on the charges would not exceed 10 years "to run concurrently to all indictments aforesaid." Attached to the petition is the affidavit of petitioner's mother which to some extent supports petitioner's allegations. The circuit court, on its own motion, appointed the Public Defender to represent petitioner in the post-conviction proceeding.

The State's Attorney answered the petition, denying the material allegations, and attached to the answer the affidavit of the assistant public defender in which he denied petitioner's charges and stated that he had advised petitioner that the People would recommend the sentence which the court imposed, and that petitioner then stated that he wished to plead guilty to all five indictments. Also attached to the answer is the affidavit of the court captain of bailiffs in which he stated that he heard the conversation between the petitioner and the assistant public

defender and corroborated the statements of the assistant public defender.

The transcript of a hearing held on February 14, 1963, shows that the circuit court considered the petition and answer, heard no testimony, and dismissed the petition. On March 7, 1963, petitioner, *pro se,* filed a "Motion to Vacate Judgment of Dismissel [*sic*] being to amend same and raise new allegations" and an amended petition, both obviously prepared without assistance of counsel. On March 12, 1963, the motion was denied.

Petitioner filed a petition, *pro se,* in this court seeking appointment of counsel and other relief. For reasons not reflected by the record, there was a lengthy delay in the filing of any further documents, and ultimately the petition was dismissed. Petitioner, again *pro se,* filed a "Notice of Reinstatment of Supreme Court Case Gen. No. 3478 under Rule 651(a)" which this court treated and allowed as a motion for leave to file a late notice of appeal, and appointed counsel. Petitioner also filed in the circuit court a petition for leave to reinstate the post-conviction proceedings which that court denied a short time prior to our allowance of petitioner's motion.

In view of petitioner's allegations that the assistant public defender had improperly induced his pleas of guilty, the appointment of the public defender to represent him in the post-conviction proceeding was error. *(People v. Smith, 37 Ill.2d 622; People v. Sigafus, 39 Ill.2d 68.)* Every pleading filed on petitioner's behalf was obviously prepared without assistance of counsel, and although the transcripts of the proceedings in the circuit court in each instance note the presence of assistant public defenders, they contain not one word purportedly uttered by any of them. There is nothing to indicate that counsel, at any stage of the case in the circuit court, sought to ascertain the basis of petitioner's complaints, and the *pro se* petitions were not amended so as to state his contentions in legal form. Clearly, petitioner did not receive the

effective assistance of counsel which we have held essential and the judgment of the circuit court of Cook County is reversed, and this cause is remanded with directions to appoint counsel other than the public defender and for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*

MR. JUSTICE RYAN, dissenting.