THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDGAR WALLACE, Defendant-Appellant.

(No. 72-199;

Fifth District—October 2, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, (Richard E. Cunningham, Assistant Appellate Defender, and Thomas R. Willenborg, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals the judgment of the court below which denied his petition for post-conviction relief.

Defendant was charged with the crime of burglary and the Public Defender was appointed by the court to represent him. At arraignment defendant entered a plea of not guilty. At a subsequent date defendant changed his plea to guilty and made application for probation. Probation was denied and defendant was sentenced to eight to fifteen years in the penitentiary.

With the assistance of the Illinois Defender Project the defendant filed a petition for post-conviction relief based upon the unfulfilled promise of his court appointed counsel (the Public Defender) that he would receive a sentence of three to five years if he entered a plea of guilty. At the hearing on the petition, by appointment of the court, the defendant was represented by the Public Defender of St. Clair County although by a different associate of the office than the one who had represented him at the time his guilty plea was entered. Defendant testified in support of his petition to a sequence of facts indicating that his guilty plea had been induced by a promise of a sentence of three to five years which had not been kept. He also testified that he had protested the sentence imposed to his attorney although not to the court. The defendant's testimony was substantially contradicted by the associate Public Defender who had represented him at the time of the guilty plea negotiations. At the conclusion of the hearing the petition was denied.

Defendant contends here that he established by a preponderance of evidence that his guilty plea was induced by an unfulfilled promise and that he was prejudiced at his post-conviction hearing by the appointment of the same Public Defender's Office that furnished him representation at his plea of guilty. We do not consider defendant's first contention since the second point he raises requires that we reverse and remand.

In *People v. Gray*, 4 Ill.App.3d 934, 282 N.E.2d 189, we stated:

> "One of the allegations contained in defendant's post-conviction petition was that the attorney appointed to represent him at the trial, the Public Defender of St. Clair County, induced him to plead guilty through representations that he would receive probation were he to enter such a plea. Despite this allegation the

trial court appointed the office of public defender to represent defendant in the post-conviction proceedings, which action we find to be highly prejudicial to defendant's right to full and capable assistance of counsel. [Citations.]

Trial counsel should not be placed in the position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon the integrity of counsel's own office. The possibility that in such an instance counsel would be less than enthusiastic and efficient in his presentation of such a claim is too great to overlook. An individual defendant is entitled to full and competent assistance of counsel and where his attorney obviously has divided loyalties the defendant is clearly deprived of this right."

The record discloses that the identical situation pertains here and accordingly the *Gray* case is controlling. Also see *People v. Brittain,* 52 Ill.2d 91, 284 N.E.2d 632, and *People v. Sigafus,* 39 Ill.2d 68, 233 N.E.2d 386, which are to the same effect.

The judgment dismissing the post-conviction petition is reversed and remanded to the circuit court with directions that the court appoint counsel other than the Public Defender's Office to represent defendant in the post-conviction proceedings.

Reversed and remanded with directions.

G. MORAN and CREBS, JJ., concur.