THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* FRANK JACKSON, Petitioner-Appellant.

(No. 58630; 

First District (4th Division)—December 19, 1973.

Paul Bradley, Deputy Defender, of Chicago (Steven Clark, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County sustaining a motion to dismiss a post-conviction petition.

The only issue presented on appeal is whether the failure of defendant's counsel to amend the *pro se* post-conviction petition amounted to inadequate representation.

The defendant, Frank Jackson, was indicted for the murder of Sally Strickland on June 28, 1967. The defendant was found guilty of voluntary manslaughter and sentenced to a term of from fourteen to twenty years in the Illinois State Penitentiary. The conviction and sentence were affirmed on appeal. 130 Ill.App.2d 170.

In March, 1971, the defendant filed a *pro se* post-conviction petition in which he alleged his indigence and requested the appointment of counsel other than the public defender. The petition alleged that (1) the defendant's Fifth Amendment rights against self-incrimination had been violated; (2) the conviction was based on hearsay evidence; (3) testimony at the trial was false and tainted; (4) the police improperly impounded the defendant's car; and (5) the defendant was denied a speedy trial.

On October 26, 1972 the State filed a motion to dismiss the post-conviction petition. The motion to dismiss was sustained by the trial court.

The defendant contends the failure of the public defender to amend the *pro se* petition in this case amounts to inadequate representation by counsel under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*). The defendant bases his contention on the decision in *People v. Slaughter* (1968), 39 Ill.2d 278, wherein the Supreme Court set out standards for adequate representation by counsel under the Post-Conviction Hearing Act. The court held an attorney should consult with the petitioner, read the record of the proceedings which resulted in the conviction from which relief is sought, and then amend the petition so it would adequately present the prisoner's constitutional contentions. The defendant argues the above standards were not met by the public defender where no amendments were made to the *pro se* petition.

We believe the trial court properly dismissed the post-conviction petition. The record indicates the public defender conscientiously followed the requirements of *People v. Slaughter*. He stated he cor-

responded with the defendant by mail on numerous occasions and visited him in the penitentiary. The public defender's certificate stated:

> "Based on my discussions with the petitioner, study of the trial records, and study of the Appellate briefs and the decision affirming petitioner's petition [*sic*] I have not amended or changed the petitioner's *pro se* petition since I believe it fully and adequately reflects all possible claims * * *."

Counsel at no time suggested any of the issues in the *pro se* petition could have been successfully amended. Nor did counsel suggest any issues other than those presented in the petition. In *People v. Smith* (1968), 40 Ill.2d 562, the Illinois Supreme Court held a defendant could not complain that counsel's failure to seek leave to amend a post-conviction petition amounted to inadequate representation, where it did not appear the petition could have been successfully amended. In *People v. Burns* (1972), 4 Ill.App.3d 893, the Appellate Court held:

> "The failure to amend the *pro se* petition was not enough to establish inadequacy of representation in the absence of a showing that the petition could have been successfully amended. (*People v. Smith,* (1968) 40 Ill.2d 562.) A review of the record discloses that the appellant received adequate representation by his appointed counsel. (*People v. Wilcoxen,* (1970) 45 Ill.2d 365.)"

An analysis of the record, the *pro se* petition, and the public defender's certificate in the case at bar clearly indicate that counsel's failure to amend the post-conviction petition did not amount to inadequate representation by counsel.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.