THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE SMITH, JR., Defendant-Appellant.

(No. 74-13;

Fifth District—November 6, 1974.

Robert E. Farrell, of Mt. Vernon, and Brenda Richey, of Chicago, both of State Appellate Defender's Office, for appellant.

Guy M. Lahr, III, State's Attorney, of Metropolis, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the petitioner, Willie Smith, Jr., from an order entered by the circuit court of Massac County denying his petition for post-conviction relief after holding an evidentiary hearing. The sole issue raised in this appeal is whether the petitioner received inadequate representation in the prosecution of his post-conviction petition.

The petitioner was convicted in 1969 of murder and attempted murder and was sentenced to consecutive terms of 60 to 100 years and 15 to 20 years. His conviction was affirmed by this court on direct appeal. (*People v. Smith*, 5 Ill.App.3d 648, 283 N.E.2d 727.) The evidence presented at the petitioner's trial is summarized in that opinion and need not be repeated here.

In the petitioner's *pro se* petition for post-conviction relief he alleged: (1) that he was denied a fair trial because of pretrial publicity, (2) that his appointed trial counsel was incompetent, (3) that the State made several comments which were prejudicial to him during its closing arguments, (4) that hearsay evidence was admitted at his trial, (5) that appointed appellate counsel was incompetent, and (6) that the grand jury selection was improper because no blacks were included. In support of petitioner's first allegation, adverse pretrial publicity, he filed a memorandum setting forth the factual basis, the greater part of which was contained in the record of the trial, and the authorities upon which he based this allegation. The petitioner also filed a motion for appointment of counsel. Counsel was appointed. At the evidentiary hearing the petitioner's appointed counsel added the following allegations to the petition: (7) that the trial court improperly allowed the jurors to remain in the court room during the voir dire of subsequent jurors, (8) that the petitioner's trial counsel's association with the State's Attorney's office prevented him from rendering effective assistance of counsel, and (9) that the in-court identification procedure was improperly suggestive.

The main thrust of the petitioner's argument in this appeal is that petitioner's appointed counsel failed to amend the *pro se* petition and set forth the allegations contained therein "in appropriate legal form." As authority for this argument the petitioner cites three cases. (*People v. Hawkins*, 44 Ill.2d 296, 255 N.E.2d 456; *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566; *People v. Gonzales*, 14 Ill.App.3d 535, 302 N.E.2d 718.) In *People v. Gonzales*, 14 Ill.App.3d 535, 302 N.E.2d 718, the First District Appellate Court, in an abstract opinion, held that the petitioner's appointed counsel was inadequate since he failed to amend the petitioner's *pro se* petition for post-conviction relief which was found to be "totally conclusional in nature." Unlike the instant case, such failure to

amend resulted in the petition being dismissed without an evidentiary hearing and, hence, the petitioner was given no opportunity to present a factual basis for the conclusionary allegations contained in his petition. In *People v. Slaughter*, 39 Ill.2d 278, 285, 235 N.E.2d 566, 569, our supreme court after reviewing the origin of the present Post-Conviction Hearing Act, stated:

> "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se*, so that it would adequately present the prisoner's constitutional contentions. The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

The Supreme Court then went on to hold that:

> "The record before us shows unmistakably that the defendant did not receive adequate representation with respect to his original petition and his motion to amend that petition. (39 Ill.2d 278, 285, 235 N.E.2d 566, 569.)

In *People v. Hawkins*, 44 Ill.2d 296, 255 N.E.2d 456, our supreme court held that a petitioner did not receive adequate representation of counsel on his post-conviction petition. The court based its holding on the following findings: (1) that the petitioner's *pro se* petition was apparently prepared "by someone with a very meager knowledge of the law"; (2) that the petitioner's court appointed counsel "made no attempt to amend this petition and, at the hearing on the motion to dismiss, merely recited the claims of constitutional error as set forth in the *pro se* petition"; and (3) that the statutory deficiencies were not corrected by appointed counsel. In both *Slaughter* and *Hawkins* the petitioner's unamended *pro se* petition for post-conviction relief was dismissed without an evidentiary hearing. And, from our reading of these cases, we cannot find any indication that the respective counsel either consulted with their client or reviewed the trial record.

In the instant case petitioner's appointed counsel consulted with the petitioner at Menard and in court (during a recess requested by petitioner's counsel for such purpose), reviewed the trial record, solicited suggestions from the defendant, and made what he believed to be ap-

propriate amendments at the evidentiary hearing. Moreover, the petitioner did receive an opportunity to present evidence at an evidentiary hearing on his petition for post-conviction relief.

■■ Petitioner's counsel is not required to amend the *pro se* petition where no possibility of successful amendment appears. (*People v. Stovall*, 47 Ill.2d 42, 264 N.E.2d 174; *People v. White*, 14 Ill.App.3d 274, 303 N.E.2d 32; *People v. Burns*, 4 Ill.App.3d 893, 282 N.E.2d 185.) As stated in *People v. Wollenberg*, 9 Ill.App.3d 1028, 1030, 293 N.E.2d 728, 731:

> "The question then arises: Amend it to say what? * * * Mr. Bassiouni was appointed as a lawyer, not as a conjurer, * * *."

As a general rule anything which was raised on direct appeal is res judicata and anything which could have been raised on direct appeal, but was not, is waived, except where fundamental fairness requires otherwise. (*People v. French*, 46 Ill.2d 104, 262 N.E.2d 901; *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455; *People v. Somerville*, 42 Ill.2d 1, 245 N.E.2d 461.) On the petitioner's direct appeal he raised three issues, which included his contention:

> "that [he] was not afforded due process of law and a fair trial under the Constitution of the United States and of the State of Illinois." (*People v. Smith*, 5 Ill.App.3d 648, 653, 283 N.E.2d 727, 730.)

After we determined that the petitioner's other contentions were without merit, we addressed the above contention in the following manner:

> "Finally, the defendant asserts that the case should be reversed because he was denied a fair trial and due process of law. Upon a consideration of the complete record, we do not find any basis for this contention. (*Betts v. Brady*, 316 U.S. 455; [62 S. Ct. 1595]; *People v. Speck*, 41 Ill.2d 177, 242 N.E.2d 208.) The evidence to support the conviction is overwhelming. The conduct of the trial and the representation that the defendant had was of a high professional standard." (5 Ill.App.3d 648, 655; 283 N.E.2d 727, 732.) (Emphasis added.)

In view of our "consideration of the complete record" on direct appeal all but two of the allegations presented in the petitioner's *pro se* petition were decided and are res judicata. The two allegations not decided because they were outside the record before us, (1) that petitioner was denied a fair trial because of pre-trial publicity, and (2) that the grand jury selection was improper because no blacks were included, were adequately presented at the petitioner's evidentiary hearing. Since an evidentiary hearing on post-conviction was held on these two issues, we need not consider whether they were waived by not being raised on direct appeal.

██ The memorandum appended to petitioner's *pro se* petition adequately set forth the factual basis upon which he based his claim of adverse pre-trial publicity, and we cannot say that his appointed counsel was inadequate because he failed to supplement this allegation. With respect to petitioner's contention that the grand jury selection was improper because no blacks were included the trial court found that: "Evidence indicates that black persons were on the Grand Jury. Allegations made in that paragraph simply do not appear to be true." Thus, neither of these allegations, which were not res judicata as a result of the direct appeal, were disposed of because counsel failed to set forth the allegations contained in petitioner's *pro se* petition in "appropriate legal form," as alleged by petitioner.

Having found the petitioner's sole contention without merit we affirm the order entered by the circuit court of Massac County dismissing the petitioner's request for post-conviction relief after holding an evidentiary hearing.

Order affirmed.

G. MORAN, P. J., and CARTER, J., concur.