THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JAMES ALLEN BUCKHOLZ, Petitioner-Appellant.

(No. 72-204;

Fifth District—November 7, 1974.

Robert Farrell, of Mt. Vernon, and Allen L. Wiederer, of Chicago, both of State Appellate Defender's Office, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the petitioner, James Allen Buckholz, from an order entered by the circuit court of Madison County denying petitioner's request for post-conviction relief after an evidentiary hearing.

The petitioner was indicted for murder in the circuit court of Madison County. At his arraignment Austin Lewis, Public Defender of Madison County, was appointed to represent him. On November 13, 1961, peti-

tioner appeared in trial court with his attorney and entered a plea of guilty. Counsel for the petitioner informed the trial court that he had explained to the petitioner his right to a trial and the punishment if found guilty. The trial court, after thoroughly admonishing the petitioner of his right to a trial and of the consequences of his plea, accepted the plea of guilty, adjudged him guilty of murder, and, after a hearing in aggravation and mitigation, sentenced the petitioner to life imprisonment in the penitentiary. The petitioner perfected a writ of error *pro se* to the supreme court. (*People v. Buckholz*, 32 Ill.2d 482, 484, 207 N.E.2d 451, 452.) The supreme court summarized the petitioner's contention in the following manner:

"Defendant contends he was coerced into pleading guilty because the prosecution had a confession which would insure defendant's conviction. He further contends that the confession was made after his request to consult with counsel was refused, and he urges the applicability of *Escobedo v. State of Illinois*, 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758."

The petitioner did not raise any contention with respect to the incompetency of his appointed counsel. The supreme court affirmed petitioner's conviction by stating:

"The mere fact that the prosecution had in its possession an incriminating statement is not grounds for reversal of a conviction where defendant, with the assistance of counsel, knowingly and understandingly waived his right to a trial and pleaded guilty." 32 Ill.2d 482, 484, 207 N.E.2d 451, 453.

On December 31, 1970, the petitioner filed a *pro se* petition seeking post-conviction relief alleging that his plea of guilty was involuntary and that his rights were violated because he was not afforded a competency hearing prior to his plea. The petitioner did not raise any contention with respect to the incompetency of his appointed counsel. The petitioner also filed a "motion" requesting appointment of counsel other than the public defender. Although the record is unclear, apparently the public defender was appointed to defend the petitioner, since on January 26, 1971, it filed a motion to withdraw as petitioner's counsel on the ground that the petitioner did not want to be represented by that office. Notwithstanding its motion to withdraw as counsel the public defender office filed a motion seeking leave to file further post-conviction pleadings, which motion was allowed. In a lengthy letter to the petitioner, dated September 15, 1971, an assistant public defender expressed his "reluctant conclusion that the points you [the petitioner] asked to be raised are not well founded" and then gave the factors and reasons upon which he based this conclusion. In response to above letter, the petitioner, in a letter dated September 24,

1971, requested "the 'entire' Public Defenders Office of Madison County, Illinois to withdraw from my case." On April 17, 1972, the public defender office through one of its counsel filed an amendment to petitioner's post-conviction petition. Therein, for the first time, it was alleged that petitioner's appointed trial counsel was incompetent.

On May 3, 1972, an evidentiary hearing was conducted on the petitioner's post-conviction petition and the amendment thereto. At the commencement of the evidentiary hearing the following colloquy occurred:

"THE COURT: I notice in the file some questions about counsel. You, Mr. Weber, did or did not formally withdraw? There was a motion to withdraw stating that you had some difficulties or differences of view with Mr. Buckholz personally as to the sufficiency of the allegations of the petition, is that correct?

MR. WEBER: Yes, Your Honor.

THE COURT: And a motion to withdraw was filed which I have in the file. I believe Mr. Buckholz had responded to your advising him, a copy of your letter to him is in the file stating fully your views regarding contentions in the petition, right?

MR. WEBER: That is correct, Your Honor.

THE COURT: Then what was your position on that, Mr. Buckholz? You needn't answer, you may confer with counsel or take any position you like on this.

MR. BUCKHOLZ: In regard to counsel's answer to Your Honor upon request my legal counsel did withdraw his withdrawal from the case.

THE COURT: You want to retain him as counsel?

MR. BUCKHOLZ: Absolutely, Sir.

THE COURT: You do want to keep him as counsel?

MR. BUCKHOLZ: Yes, Sir.

THE COURT: I see. All right. I think the record also indicates he came down to the penitentiary and conferred with you?

MR. BUCKHOLZ: Yes.

THE COURT: Was that satisfactory?

MR. BUCKHOLZ: Yes, Sir.

\* \* \*

THE COURT: Any conflict with Mr. Weber at this time?

MR. BUCKHOLZ: Oh, no, Sir.

THE COURT: That is what I wanted to know. A lot of us have differences of opinion as to whether something is going to work, something is going to be effective, and we might as well be realistic about it.

MR. BUCKHOLZ: Your Honor, if I may, I did ask Mr. Weber

about going into conflicts with my former lawyer in this case who is deceased. For want of a better word he had qualms about it, and I would request the court to assist counsel to ask certain pertinent questions.

THE COURT: All right. Does this put this matter in proper perspective and on the record?

MR. WEBER: Yes.

THE COURT: You do want to keep Mr. Weber?

MR. BUCKHOLZ: Absolutely, Sir.

THE COURT: All right. Let's proceed."

Following the presentation of evidence and closing arguments of counsel the trial court announced its decision and reasons therefor, which included, among other things, the following statement:

"On the whole subject I think the defendant presents a very disarming presentation, more or less admitting his guilt and standing on these very subtle matters in a very skillful presentation. But I am unable to say his constitutional rights have been violated, and he has failed to sustain his burden of proof, or to make a well taken case under the Post Conviction Act."

The sole issue raised in this appeal is whether the trial court erred in appointing the public defender office to represent the petitioner in post-conviction proceedings where the petitioner alleged that the public defender who represented him at the time of his conviction was incompetent.

■■ There exists a general rule that where an appeal is taken from a conviction the judgment of the reviewing court is *res judicata* as to all issues actually raised, and that those issues that could have been presented but were not, are deemed waived. (*People v. French*, 46 Ill.2d 104, 262 N.E.2d 901; *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455; *People v. Hamby*, 39 Ill.2d 290, 235 N.E.2d 572; *People v. McCarty*, 17 Ill.App.3d 796, 308 N.E.2d 655.) As with most general rules there are exceptions to the foregoing rule. In *People v. Rooney*, 16 Ill.App.3d 901, 903, we affirmed the trial court's dismissal of the petition for post-conviction relief, but in so doing we noted that:

"* * * the doctrine of waiver should not bar issues from consideration under the Post-Conviction Hearing Act where the failure to raise them on appeal was due to the incompetency of counsel. *People v. Frank*, 48 Ill.2d 500; *People v. Brown*, 39 Ill.2d 307."

Nevertheless, this exception to the general rule of waiver is inapplicable in the instant case since the appeal (writ of error) was prosecuted, not by incompetent counsel but by the petitioner *pro se* and, therefore, the failure to raise incompetency of petitioner's trial counsel was petitioner's own error and cannot be blamed on the incompetency of counsel.

Even if we were to assume under the doctrine of fundamental fairness that the doctrine of waiver should not bar from our consideration the charge of incompetency of petitioner's appointed trial counsel, we are compelled, under the facts herein present, to reach the same result. In the instant case we are not confronted with a situation where the petitioner was denied an evidentiary hearing, nor are we confronted with a situation where the public defender failed to act diligently. The public defender communicated with the petitioner by letter and in person. In addition the public defender filed an amendment to petitioner's *pro se* petition.

■■ It is the petitioner's sole contention that it was error for the trial court to appoint the public defender since there was a potential conflict of interest, and yet it was an assistant public defender who, for the first time, raised the issue of incompetency. The petitioner did not raise the issue in either his *pro se* writ of error or in his *pro se* petition for post-conviction relief. It is also noteworthy that the trial court, at the conclusion of the evidentiary hearing on petitioner's post-conviction petition, commented upon the "skillful presentation" by the petitioner. Furthermore, the petitioner, at the commencement of the evidentiary hearing, responded affirmatively and unequivocally to the court's inquiry, "You want to keep him [the public defender] as counsel?" not once, but three times, thereby waiving his objection to the public defender. Our review of the record fails to reveal any lapse in the public defender's advocacy due to possible conflicts or "qualms" about raising the issue of incompetency of a previous member of the same office who was deceased at the time his incompetence was first alleged nor does the petitioner call to our attention any such instances, either specific or general.

■■■ While we acknowledge the general rule that where a public defender, appointed to defend a defendant at his trial, subsequently is alleged to be incompetent that counsel other than the public defender should be appointed to represent defendant in his request for post-conviction relief (*People v. Wallace,* 14 Ill.App.3d 18, 302 N.E.2d 140; *People v. Gray,* 4 Ill.App.3d 934, 282 N.E.2d 189), we find that the unique combination of facts herein present taken with the trial judge's findings set forth at length in appellant's brief place the instant case beyond the intended perimeters of the general rule.

We, therefore, do not consider that denial of the post-conviction relief sought was error, and affirm.

Order affirmed.

G. MORAN, P. J., and CARTER, J., concur.