THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK BAIN, Defendant-Appellant.

(No. 73-349;

Fifth District—November 8, 1974.

Robert Farrell, of Mt. Vernon, and Allen L. Wiederer, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Clyde L. Kuehn, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of St. Clair County denying defendant's pro se petition for post-conviction relief after an evidentiary hearing. The sole issue presented is whether the trial court committed reversible error in appointing the public defender's office to represent defendant in these proceedings when the same officer had represented him on his original conviction, and when, after a previous appeal, the Supreme Court of Illinois had directed that counsel be appointed other than the public defender.

A full understanding of the issue requires a brief summary of its background. On October 8, 1965, defendant was convicted of burglary on his plea of guilty and he was sentenced to the penitentiary for a term of 1 to 10 years. On March 6, 1969, defendant filed his pro se petition alleging, among other things, incompetence of the court-appointed public defender who represented him at the time of his plea. The Circuit Court of St. Clair County dismissed this petition without an evidentiary hearing, but on appeal, and after the State confessed error, the Illinois Supreme Court, on January 27, 1971, reversed and remanded the cause and ordered that an evidentiary hearing be conducted and that counsel be appointed for defendant other than one from the public defender's office. Not until January 14, 1972, was the case again called for hearing and then, on motion of the State, the petition was dismissed once again, this time on the grounds that defendant had been paroled and was no longer incarcerated. On appeal from this order we found that defendant's parole had no bearing on his right to an evidentiary hearing (*People v. Bain,* 10 Ill.App.3d 363) and on March 8, 1973, we reversed the cause and remanded it with directions.

In compliance with our mandate the circuit court, on March 20, 1973, set the cause for a hearing and appointed an attorney from the Illinois Public Defender Project to represent defendant. When this attorney informed the court that he was unable to serve at the trial-court level the court then appointed the public defender from St. Clair County. This was the same public defender's office that had represented defendant on his original conviction, but the individual attorney was different due to a change of personnel in the office. The cause then proceeded to a hearing and after presentation of evidence and arguments of counsel the petition was again dismissed. It is from this order of dismissal that the present appeal is taken.

Defendant contends that it is well established in Illinois that it is re-

versible error to appoint the public defender to represent a post-conviction petitioner when one of the issues raised in the petition is the competence of the same public defender's office who represented defendant at the time of his conviction. (*People v. Wallace,* 14 Ill.App.3d 18; *People v. Gray,* 4 Ill.App.3d 934; *People v. Brittain,* 52 Ill.2d 91.) In addition, it is pointed out that the reappointment of the same public defender's office was directly contrary to the previous mandate of the Supreme Court of Illinois, and that the failure of the circuit court to obey such mandate in itself necessitates a reversal. *People v. Bain,* 10 Ill.App.3d 363.

The State does not quarrel with these principles but states that this court should be cognizant of the injustice to the people that would flow from a reversal. It is argued that defendant, at taxpayer's expense, received the services of the most respected and competent criminal attorney in the county and that far more injustice would flow from another reversal than would be sustained by defendant by such representation. This argument appears to rest on the premise that, in the State's opinion, defendant could receive no better representation than now has been afforded him, that his cause is therefore hopeless, and that the taxpayers should not be subjected to the injustice of having to undergo any further expense in defendant's behalf.

■■ Such an argument begs the question. The issue here is not the competence of the public defender appointed to represent defendant in the post-conviction proceedings, but rather whether the appointment itself gave rise to a conflict of interest situation which was both prejudicial to defendant and unfair to counsel. As stated in *People v. Gray, supra,* trial counsel should not be placed in a position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon the integrity of counsel's own office; nor should an individual defendant be deprived of his right to a full and complete assistance of counsel unencumbered by divided loyalties. As stated in *People v. Smith,* 37 Ill.2d 622, the rule is designed to prevent the inequities that might arise out of the natural inclination of a public defender's office to protect its reputation by defending against the charge of incompetency while at the same time trying to perform its duty as an advocate to aid the petitioner in establishing the veracity of his charges.

In other words, the rationale of the rule is to avoid the conflict of interest inherent in the situation by recognizing it in advance and requiring the appointment of an attorney other than one from the same office alleged to have been previously incompetent. The present case is a prime example of the need and effectiveness of the rule. Had it been followed there would have been no need for this appeal nor any reason for

the State to attempt to argue the extraneous question of the competence of the second public defender.

Nine years have now passed since defendant filed his first petition. Twice it was dismissed without a hearing and both times the dismissal was reversed, once by the supreme court and once by this court. He spent 7 years in the penitentiary, and now on this third review the State would have us weigh the equities, contending that justice demands an affirmance. We cannot agree. Justice cannot be weighed in dollars and cents, nor in convenience to the State. No one could have been more diligent and persistent than defendant in endeavoring to exercise his right to purge himself of his conviction and its attendant stigma and disabilities. Without fault on his part he has struggled through a morass of legal entanglements, and he waits still to have a hearing in strict compliance with the mandate of the supreme court entered more than 3½ years ago. It is not for us nor the State to conjecture whether an attorney other than one from the public defender's office could do better or worse, but it is time that defendant had the type of hearing to which he is entitled.

■■ This court recently filed an opinion in the case of *People v. Buckholz* (No. 72-204). There the public defender of Madison County represented Buckholz at the time he entered a guilty plea in 1961. In 1971 the same office was appointed to assist the defendant with his petition for post-conviction relief although with a different attorney. In 1972 an amendment to the post-conviction petition was filed alleging for the first time that Buckholz's trial counsel was incompetent. At the evidentiary hearing the court questioned Buckholz and Buckholz stated that he had no conflict with his present appointed counsel and that he absolutely wanted to keep that appointed counsel.

It is apparent that the factual situation of *People v. Buckholz* differs from the case at bar. The court in *Buckholz* did not act in a manner contrary to the supreme court mandate and the petitioner in that case was satisfied with his appointed counsel on the post-conviction petition. Thus, we do not feel that our decision in *Buckholz* controls the result in the case at bar.

The judgment of the Circuit Court of St. Clair County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

G. MORAN, P. J., and CARTER, J., concur.