**People of the State of Illinois, Plaintiff-Appellee, v. William Ray Griswold, Defendant-Appellant.**

**Gen. No. 67–79.**

Third Judicial District.

October 23, 1968.

Martin H. Katz, of Rock Island, for appellant.

Richard Stengel, State's Attorney, of Rock Island, for appellee.

CULBERTSON, J.

After a jury trial in the Circuit Court of Rock Island County, the defendant, William Ray Griswold, was convicted of armed robbery and sentenced to the penitentiary for a term of not less than five nor more than twenty-five years. At the trial, five eyewitnesses identified defendant as one of two unmasked men who had robbed a Moline supermarket of $9,600 at about 2:30 p.m. on October 28, 1966. For the defense, six alibi witnesses placed defendant either at his home or in taverns in East Peoria, some one hundred miles from Moline, immediately before, during and after the time the robbery was occurring. Asserting that the conflicting nature of the evidence requires a record free from any error, defendant has prosecuted this appeal contending that he was prejudiced by trial errors, and that the court abused its discretion and deprived defendant of constitutional rights in refusing to grant a continuance requested on the day of trial.

Background essential to the contention last stated shows that an indictment was returned against defendant on December 8, 1966. He failed to appear for arraignment on January 27, 1967, and at that time a bond he had posted at the time of his arrest was ordered forfeited. Thereafter, the sequence of events was as follows: On February 24, 1967, the bond forfeiture was set aside, defendant was arraigned and was ordered to file motions by March 6; on the latter date the public defender was appointed to represent defendant and was then granted two continuances, first to March 13 and then to March 27, to file motions; trial was set for May 8, 1967, but defendant was granted a continuance to May 10 to obtain private counsel, even though the jurors were assembled and the State ready for trial; on May 10, with the jurors again assembled, a further continuance was granted when defendant represented that his retained counsel could not attend and he was directed to have his attorney file an appearance by May 19; when the latter

439

date arrived, neither defendant nor an attorney appeared, whereupon a capias issued and defendant was brought before the court on June 1; on the latter occasion, when defendant stated he was having difficulties in retaining counsel, the court reappointed the public defender and set the trial for June 19, 1967, at 9:30 a.m.

Defendant failed to appear for trial at the appointed time but was soon found and taken into custody under a bench warrant, and remanded to the county jail. At 1:25 p. m. defense counsel advised the court that defendant appeared to him to have been intoxicated when taken into custody at 10:00 a. m., and moved that the trial be continued for such reason. After viewing defendant and hearing evidence from a deputy sheriff that defendant was not presently drunk, but only "hung over," the trial court concluded that defendant was physically capable of standing trial, denied the motion for continuance and proceeded to the selection of a jury.

■ ■ A motion for continuance is addressed to the discretion of the trial court, (Ill Rev Stats 1965, c 38, par 114–4(e)), and in our opinion there is clearly nothing in this record which would permit or justify a disturbance of the trial court's ruling. Where the problem has arisen courts have held that self-induced intoxication of an accused is not a valid or sufficient reason to continue his trial, and we are in accord with that view. (Bourne v. State, 103 Miss 628, 60 So 724; State v. Ellvin, 51 Kan 784, 33 P 547. Cf. State v. Gannaway (Mo), 313 SW2d 653 (1958).) A contrary view would, in our judgment, when coupled with our facile bond laws, place in the hands of an accused too potent a weapon with which to delay, harass and frustrate the administration of criminal justice. Furthermore, in the present case the court made an inquiry into defendant's state of sobriety and condition to stand trial and no contention is made here that the finding of the court was contrary to

440

the evidence. Since this is so, there is no basis upon which to say that the court abused its discretion.

██ Nor are we impressed with the argument that causing defendant to start trial in a "hung over" condition resulted in prejudice which denied him his constitutional right to a fair trial. There is ample credible evidence in the record which supports the jury's verdict and establishes defendant's guilt beyond all reasonable doubt, leaving little room to say that the jury acted out of prejudice. Moreover, an individual may waive the constitutional rights designed for his protection and we think there was a waiver in this case. Defendant's condition was self-inflicted and if it can be said the situation was offensive to the concept of fundamental fairness implicit in the constitutional guarantees of due process, the onus must be laid at defendant's door rather than attributed to the court or those charged with the duty of prosecution. To hold otherwise would be to permit defendant to profit by his own wrong. Cf. People v. De Simone, 9 Ill2d 522, 532–533, 138 NE2d 556; People v. Steenbergen, 31 Ill2d 615, 203 NE2d 404.

██ One of the alibi witnesses for defendant was a Bart Dunkerly who gave a nonresponsive answer that he recalled a newspaper article about defendant which "said something about when he came into court he (sic) had a doctor examine him because they thought he was intoxicated." Defense counsel objected on the grounds of irrelevancy and added an explanatory comment which demonstrated his awareness that the answer had been unresponsive. He did not, however, move that the answer be stricken. Counsel representing defendant on appeal now contend that the answer was hearsay, and that the reference to intoxication created an unfavorable impression which "could not be remedied other than by strong admonition to the jury by the Judge to disregard such testimony." Both of these contentions are patent

441

afterthoughts which may not be raised on appeal. It is well settled that timely objections to hearsay statements must be made at the trial and cannot be raised for the first time at appellate level. (People v. Cobb, 52 Ill App2d 332, 340, 202 NE2d 56.) Similarly, where a defendant does not avail himself of his right to make a motion to strike an unresponsive answer, he cannot complain on review. People v. Kissane, 261 Ill App 621, 632–633, affd 347 Ill 385, 179 NE 850.

▮▮ Defendant's wife appeared as one of his alibi witnesses and, during closing arguments to the jury, the prosecutor commented on her testimony as follows: "What did Mrs. Griswold testify to as to her husband's employment? She said he did odd jobs now and then. I submit to you the testimony in this case indicates that he does odd supermarket jobs." While we agree that such comments, while potentially within the bounds of legitimate inference, should not have been made since they did not relate to any specific evidence before the jury. In view of the record in this cause, however, the making of such comments in the oral argument would not constitute reversible error.

▮▮ Finally, it is contended that the trial court erred in giving People's Instructions Nos. 2 and 7, and in refusing to give Defendant's Instruction No. 2. One of the People's instructions complained about was, to use the words of the court in People v. Rogers, 16 Ill2d 175, 181–182, 157 NE2d 128, "a stock instruction that the jury had a right to consider the evidence in light of their own knowledge and observation in affairs of life." As Rogers indicates, the giving of this instruction in a criminal proceeding has been consistently approved, and we see no logic to defendant's unsupported suggestions that it deprives a defendant of the presumption of innocence and lowers the standard which requires proof be-

yond a reasonable doubt. (See: People v. Turner, 265 Ill 594, 600, 107 NE 162.) Other instructions fully covered presumption of innocence and the standard of proof, and we do not see how the jury could have been confused or misled. The other People's instruction attacked was a balanced instruction which, in a first paragraph, recited the requisites for finding defendant guilty and, in a second paragraph, set forth the basis for finding defendant innocent. Defendant's objection is that the instruction places undue emphasis upon the paragraph relating to a finding of guilty because it is stated first. No authority is advanced for this novel proposition and we believe it is without merit. The defense instruction refused related to reasonable doubt and we agree with the apparent decision of the trial court that it was redundant and repetitious in light of other instructions given on behalf of both the People and the defendant. Repetitious instructions are not favored in the law, and are to be avoided. People v. Dilworth, 67 Ill App2d 384, 393, 214 NE2d 9; People v. Sawhill, 299 Ill 393, 410, 132 NE 477.

We have carefully reviewed the record, one which presents a difficult if not impossible task for an attorney seeking review, and find no reversible error. Accordingly, the judgment of the circuit court of Rock Island is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.