(No. 43048.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LEWIS EATMON, Appellant.

*Announced Sept. 23, 1970.—Opinion filed Nov. 18, 1970.*

JAMES B. HADDAD, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This case comes before us on appeal from an order of the circuit court of Cook County dismissing, without an evidentiary hearing, Lewis Eatmon's *pro se* petition filed under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) At the conclusion of oral argument we announced our judgment reversing and remanding, with directions to furnish petitioner a transcript of the original trial proceedings and to permit the filing of an amended petition if desired. The reasons for that decision are hereinafter set forth.

The purpose of the Post-Conviction Hearing Act is to provide a remedy for any person who is imprisoned in the penitentiary in violation of constitutional rights. (*People* v. *Jennings,* 411 Ill. 21.) The statute contemplates that "the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, *examine the record of the proceedings*

*at the trial* and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions." (*People* v. *Slaughter,* 39 Ill.2d 278, 285, emphasis supplied.) Supreme Court Rule 651, effective January 1, 1970, requires that the record in every appeal from a dismissal of a post-conviction petition affirmatively show that court-appointed counsel has complied with the mandate of *Slaughter.* (43 Ill.2d R. 651.) Compliance necessarily requires access to a trial transcript if one can be prepared. Eatmon's appointed counsel contends that he was not afforded an adequate opportunity to amend the *pro se* petition because he was denied a free copy of the trial *transcript.* We agree. Where, as here, a post-conviction petitioner has not taken a direct appeal, he may raise every constitutional issue appearing in or suggested by the record (*People* v. *Rose,* 43 Ill.2d 273), and any issue not so raised is waived. (Ill. Rev. Stat. 1969, ch. 38, par. 122—3.) Denial of a free trial transcript to an indigent petitioner who has not directly appealed, and who has filed a post-conviction petition, would result in a compelled waiver of issues appearing on the face of a record unavailable to appointed counsel. Such result is inconsistent with our Rule 651(c) which implicitly provides that a free transcript, if not previously obtained, must be supplied to assist appointed counsel in determining whether errors of constitutional magnitude were present in the original proceedings.

*Reversed and remanded, with directions.*