THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. WILLIAM GRISWOLD, Defendant-Appellant.

(No. 71-204; 

Third District—March 1, 1973.

John L. Barton, of Marseilles, for appellant.

David DeDoncker, State's Attorney, of Rock Island, (David L. Thompson, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a denial of post-conviction relief to defendant William Griswold who was convicted of armed robbery in a jury trial in the circuit court of Rock Island County on July 6, 1967, and thereafter sentenced to a term of five (5) to twenty (20) years. The judgment was affirmed upon an appeal to the Appellate Court in 100 Ill.App.2d 436, 241 N.E.2d 212.

William Griswold subsequently filed a petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, sec. 122—1 et seq.) An evidentiary hearing was conducted upon such petition and the trial court denied relief to the petitioner. On appeal in this court defendant contends that he made an adequate showing of denial of constitutional rights and is entitled to a new trial or, alternatively, that this court should remand the cause for a new post-conviction hearing.

The record discloses that prior to the original trial in which defendant was convicted, defendant sought and obtained an order directing the State's Attorney of Rock Island County to have ready for inspection at the time of trial, all reports and statements of witnesses in possession of

the Moline Police Department which related to defendant's arrest and the investigation of the crime with which he was charged. This order was complied with and during the trial, defendant was permitted to examine the statements of witnesses for possible impeachment purposes. Defendant was not, however, permitted to examine police reports. In his post-trial petition, defendant alleges that the court's refusal to tender such reports for his inspection was reversible error. On the appeal from his conviction, this issue was abandoned and was not presented for the consideration of this court. In his post-conviction petition defendant now again raises the issue in which he charges that by denying him access to the reports, the trial judge and the State's Attorney combined to conceal evidence favorable to the defense, and this deprived defendant of due process of law.

■■ We have reviewed the record and conclude that the post-conviction relief was properly denied. As stated by the Supreme Court in *People v. Derengowski*, 44 Ill.2d 476, at 479, in referring to the Post-Conviction Hearing Act:

> "The remedy under the Post-Conviction Hearing Act is limited to constitutional issues and does not provide an opportunity for re-determination of the guilt or innocence of a defendant. (*People v. Orndoff*, 39 Ill.2d 96.) Furthermore, it is not within the view of the Act to have claims determined which could have been presented upon a direct review of the conviction (*People v. Doherty*, 36 Ill.2d 286), and to this end we have consistently held that when an appeal is taken, as it was in this case, the judgment of the reviewing court is *res judicata* not only as to all issues actually raised, but also as to those issues which could have been raised but were not, the latter issues being deemed to have been waived. (*People v. Kamsler*, 40 Ill.2d 532; *People v. Armes*, 37 Ill.2d 457.) Only where required by fundamental fairness will the rule of waiver be relaxed. (*People v. Hamby*, 32 Ill.2d 291.)"

In the cause before us, the allegations of the post-conviction petition with respect to the refusal of the trial court to permit defendant to examine the police reports are the same as the allegations in his post-trial motion simply recast in terms of constitutional claims. Obviously these claims, or issues, could have been raised in the prior appeal. Since they were not, and inasmuch as we see no reason of fundamental fairness which would cause us to conclude otherwise, we conclude that such issues were waived and rendered *res judicata* by the prior appeal.

The post-conviction petition contained an allegation that new evidence had come to light which would exonerate defendant and, in support thereof, the affidavit of one Gilbert Spears was appended to the petition.

In substance, the affidavit stated that affiant's brother, Leonard Spears, had told affiant that he and another man, not the defendant, had committed the robbery for which defendant had been convicted. Leonard Spears, it appears, is confined in a Kentucky Penitentiary under a death sentence. Prior to the hearing on the petition, defendant's counsel filed a motion asking the court to grant him expenses for a trip to Kentucky so he could interview Leonard Spears. The motion was denied and it is now urged that an interview with Leonard Spears was essential to preparation for the hearing on the petition, and that the trial court's refusal to allow the motion, deprived the defendant of equal protection of laws and the effective assistance of counsel. Even the testimony of defendant at the post-conviction hearing indicated that Gilbert Spears declined to become a witness for defendant because it might hurt the appeal of his brother, Leonard. We are asked to remand the cause with directions that the motion be granted and that defendant be granted a new hearing on his petition once his interview with Spears is accomplished.

■■■ On this record, it is sufficient to say that the trial court properly denied the motion. We venture no opinion as to whether equal protection of the laws would require that counsel for an accused be allowed travel expenses incidental to preparation for trial. (See: *People v. Watson,* 36 Ill.2d 228.) In the absence of any properly supported allegations that the prosecution acted improperly or unfairly to deprive an accused of such evidence, an allegation of newly found evidence is insufficient to warrant post-conviction relief. (*People v. Colleti,* 48 Ill.2d 135.) There are no such allegations of improper or unfair actions on part of the prosecution in the petition. Thus, it necessarily follows that an interview with Leonard Spears could not have related to the issues being raised by the petition now before us.

The judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.