THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTHA RILES
*et al.*, Defendants-Appellants.

(Nos. 55949-55950 cons.;

First District (5th Division)—March 16, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

In a jury trial defendants were found guilty of attempt murder (Ill. Rev. Stat. 1969, ch. 38, par. 8—4) and three counts of aggravated battery.* They each received sentences of five to ten years.

On appeal defendants first contend that they were not proven guilty beyond a reasonable doubt. They also allege that trial errors and prosecution misconduct deprived them of a fair trial.

On March 18, 1970, at about 11:45 A.M., Field Cole was shot while standing in the outdoor passageway of a public housing project at 4352 South State Street in Chicago. A few minutes prior to the shooting, Cole was on the twelfth floor in the passageway talking to a girl who lived in an apartment on that floor. He then joined a group of people further down the hallway. At this time two persons approached the group. Cole noticed them when they were about 20 feet away. He recognized defendant Riles who had threatened him earlier that day. The lighting was "bright." As they approached Cole, Riles tapped Marshall on the shoulder as a signal to Marshall. Marshall then pulled a handgun from his pocket and began firing at Cole. He was hit twice. One shot hit him in the buttock and passed through. The other struck him in the upper part of his back, eventually resulting in the collapse of his left lung.

---

* The three counts of aggravated battery were based on the following: (1) great bodily harm (Ill. Rev. Stat. 1969, ch. 38, par. 12—4); (2) permanent disfigurement (Ill. Rev. Stat. 1969, ch. 38, par. 12—4); (3) battery with the use of a deadly weapon (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b—1)).

At trial the prosecution presented the victim Cole and three additional occurrence witnesses, each of whom had been within 15 to 20 feet of the defendants. All four of the witnesses had seen defendant Riles on previous occasions. Two of the four witnesses had also seen Marshall on previous occasions. All of the witnesses made in-court identifications of defendants Riles and Marshall. Testimony was also heard from a physician who treated the victim Cole concerning his permanent disfigurement.

There was also testimony concerning possible gang membership of defendants. Field Cole, on direct examination, testified that Riles was a member of the Imperial Rangers which was "connected with the Blackstone Rangers." Earl Shearer, another prosecution witness who was standing near Cole at the time of the shooting, was asked by Marshall's attorney what reason Marshall could have had for the shooting. In response Shearer testified that Marshall was a "Stone."

Each defendant offered an alibi. Marshall testified that he was at home at the time of the shooting. William Westmoreland, the boyfriend of Marshall's mother, testified that Marshall was at home when he (Westmoreland) arrived that evening and did not leave. Marshall's mother testified to the same effect. However, Marshall testified that Westmoreland was already at home when he first arrived. Riles testified that he was at the home of a friend, Willie Nunn, at the time of the shooting and that both Mrs. Nunn and her husband were present also in the apartment. However, Willie Nunn testified that only his mother was present in the apartment.

■■ Defendants' first contention is that they were not proven guilty beyond a reasonable doubt because the evidence did not prove that they were the offenders. Defendants emphasize minor conflicts in the testimony of certain prosecution witnesses in their description of defendants' clothing and their opportunity to observe the defendants at the time of the shooting. The alleged conflicts in the testimony of witnesses and their opportunity to observe are issues of credibility for the trier of fact to determine, and where the evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trier of fact. (*People v. Clark,* 30 Ill.2d 216, 219, 195 N.E.2d 631.) It is also argued that the identifications of defendant Marshall were based on a statement by a Helen Bradley who was not called as a witness but who told the other witnesses that the name of the man who did the shooting was Marshall. Further, defendants argue that Marshall's appearance together with Riles at the preliminary hearing was the convincing factor in Marshall's identification. We find these arguments to be completely without merit and mere conjecture. Four of the State's witnesses had seen Riles, and

two of them had seen Marshall, prior to the occurrence. The record amply supports the identification of both defendants. Defendants also urge that their alibi testimony raised a reasonable doubt as to their guilt. The State's witnesses made positive identification of the defendants based on their observations of them under a bright light and from close proximity. The credibility and weight to be given defendants' alibi witnesses was a matter for the trier of fact "whose determination will not be disturbed unless palpably erroneous." (*People v. Ostrand*, 35 Ill.2d 520, 221 N.E.2d 499.) We find no basis for disturbing these findings.

Defendants also contend that errors of the trial court deprived them of a fair trial. Specifically, they allege the following points in support of their argument: (A) the court erred in permitting hearsay evidence as to the identifications; (B) the court permitted incompetent testimony to the effect that Marshall was a member of a street gang; (C) the court permitted the prosecutor to stress the fact that the defendants were arrested on warrants in such a way as to imply guilt; (D) the prosecutor was allowed to question them concerning their lack of employment; (E) the court failed to hold the State to its duty to prove innuendos prejudicial to the defendants; and (F) the court erred in failing to see to it that its order excluding the witnesses was complied with.

■■  Point (A) refers to alleged hearsay testimony of four prosecution witnesses. However, it appears that the two defense lawyers objected on only one occasion, and the objection was sustained. Therefore, point (A) has not been properly preserved for review. As stated in *People v. Griswold*, 100 Ill.App.2d 436, 442, 241 N.E.2d 212:

> "It is well settled that timely objections to hearsay statements must be made at the trial and cannot be raised for the first time at appellate level."

■■■  Point (B) is improperly raised on appeal since the testimony complained of was elicited by defense counsel and not the prosecution. Points (C) and (F) were also waived since neither of the two defense lawyers made objection at trial.

■■  With respect to point (D) wherein defendants complain of the cross-examination as to their unemployment, the court overruled an objection to a question directed at Riles: "Where did you work last before March, 1970?" The answer was: "I can't remember." The only other objection was sustained. During the cross-examination of Marshall the prosecutor asked: "What was the last time you worked?" An objection was overruled. Marshall answered: "I don't know what month, but it was in this year." There was no prejudicial error in the cross-examinations.

■■ In point (E) it is claimed that the court failed to hold the State to its duty to prove innuendos prejudicial to the defendants, citing *People v. Nuccio*, 43 Ill.2d 375, 253 N.E.2d 353. The alleged innuendos consist of the testimony regarding the defendants' unemployment and their gang membership. In the instant case there were no innuendos. There was direct testimony as to unemployment and gang membership.

■■ The final issue presented by defendants is that prosecution misconduct deprived them of a fair trial. They first contend that the prosecutor falsely promised in his opening statement to prove that the crime was connected with defendants' gang membership. We disagree. We note that Riles' counsel in his opening statement said: "I expect the evidence will show that there may be gangs involved in connection with this incident." At trial the State did produce some testimony as to defendants' gang membership, and defense counsel brought out gang affiliation in cross-examination of State's witness Earl Shearer.

■■ Defendants next urge that the prosecutor's final arguments were designed to inflame the jury against defendants by attributing to them unproven gang membership and trouble in high rise projects. We note that no objections were made by either of the two defense attorneys. Therefore, we need not consider these arguments since they have not been properly preserved for review. (*People v. Velez*, 72 Ill.App.2d 324, 336, 219 N.E.2d 675.) Defendants finally complain of the prosecutor's argument that the defendants had failed to produce certain witnesses and had failed to deny the crime when arrested; that these arguments had the effect of misleading the jury as to the burden of proof and the right to remain silent. Similarly, these points have not been preserved for review due to failure to object.

■■ Viewing the record as a whole, we believe that the remarks of the prosecutor did not constitute prejudicial error and that the same verdict would have obtained in their absence. See *People v. Trice*, 127 Ill.App.2d 310, 262 N.E.2d 276.

■■ Although defendants were found guilty of attempt murder and three charges of aggravated battery, only one sentence of five to ten years was imposed. To clarify the record we find that this sentence applies only to the attempt murder.

The judgment is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.