THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE J. LUECHTEFELD, Defendant-Appellant.

(No. 11835;

Fourth District—May 24, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from the order of the trial court which dismissed his petition for post-conviction without an evidentiary hearing.

Defendant pleaded guilty to a charge of theft over $150 and was admitted to probation. Thereafter, probation was revoked and a sentence of four to ten years was imposed.

Defendant's *pro se* petition on post-conviction alleges that his plea was coerced by a representation that the State's Attorney would recommend a sentence of two to four, but that such recommendation was not made, that the court did not ascertain that the plea was understandingly made and that the defendant was not admonished as to the consequences of the plea.

It appears that defendant sent a *pro se* "notice of appeal" to the court more than thirty days after revocation and that such was supported by the affidavit of counsel as to a misunderstanding concerning a notice of appeal. It further appears, however, that the clerk of the court was directed to take no action on such "notice" for want of compliance with the rules concerning late appeals.

The post-conviction petition at issue was filed a substantial period of time subsequent to the "notice of appeal". The attorney appointed to represent defendant on the post-conviction petition filed a purported certificate of compliance with Supreme Court Rule 651(c). It appears, however, that at the time that defendant's petition was dismissed, no report of the proceedings had been transcribed or filed upon matters heard in open court, including jury waiver, probation hearing and the hearing on revocation and sentence.

Upon this appeal it is urged that counsel appointed on post-conviction did not adequately fulfill his responsibilities. During oral argument it was suggested that the stenographic notes of various portions of the proceedings in open court had been lost. Pursuant to this court's request counsel have made inquiry and have joined in a stipulation that the stenographic notes, do, in fact, exist and can be transcribed.

Compliance with Supreme Court Rule 651(c) necessarily requires access to the transcript of the several proceedings if such can be prepared.

(*People v. Eatmon,* 47 Ill.2d 90, 264 N.E.2d 194.) Issues of a constitutional quality may arise on revocation of probation. *People v. Pier,* 51 Ill.2d 96, 281 N.E.2d 289.

Supreme Court Rule 651(c) explicitly requires a showing that counsel has examined the reports of the proceedings. *People v. Brown,* 52 Ill.2d 227, 287 N.E.2d 663.

The order of the court dismissing defendant's post-conviction petition is reversed and the cause is remanded, with directions to order the filing of reports of all proceedings in the cause, to appoint counsel to represent defendant on his *pro se* petition, and to make such amendment to such petition as may be necessary for an adequate representation of petitioner's contentions and that the cause proceed as provided in Ill. Rev. Stat. 1971, ch. 38, par. 122 and its several subparagraphs and in accordance with the provisions of Supreme Court Rule 651.

Reversed and remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.