THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM McCARTY, Defendant-Appellant.

(No. 72-186; 

Third District—March 11, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Kankakee County dismissing a *pro se* petition filed by defendant William McCarty under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, § 122 *et seq.*).

The record discloses (and this court takes judicial notice of the fact) that defendant William McCarty was convicted of armed robbery and armed violence. As a result thereof, he was sentenced to a term of imprisonment of from 8 to 12 years. Following his conviction defendant appealed, together with two confederates. His conviction for armed robbery was affirmed. The conviction for armed violence was reversed for the reason that it was a second conviction arising as a result of the same conduct. *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.

The post-conviction *pro se* petition was filed on March 22, 1972. In the *pro se* petition, which appeared to be very carefully and competently prepared, defendant stated that his trial counsel was incompetent and that he had not received effective assistance of counsel at the trial. He asserted that actions of the trial judge had violated his constitutional rights. In support of the claims, defendant referred to matters which were extrinsic to the trial record, notably that if an evidentiary hearing had been held, defendant could have testified to certain off-the-record conversations with his trial attorney concerning his representation at the trial.

In response to defendant's petition for post-conviction relief, the State filed a motion to dismiss the petition. The motion filed by the State alleged that defendant's petition (1) failed to allege any substantial denial of constitutional rights; (2) raised extrinsic claims, unsupported by affidavit; (3) raised claims supposedly based on the record which did not appear in the record; and (4) pointed out that petitioner had perfected an appeal to the appellate court from his conviction; that the claims asserted could have been raised in such direct appeal, and, therefore, following the decision in the direct appeal were rendered res judicata. A hearing was set on the State's motion to dismiss for April 19, 1972. The assistant public defender, who had been appointed to represent defendant, advised the court that he then had a transcript of the proceedings in defendant's trial, but had not yet been able to go through it all and requested a continuance for 2 weeks to finish talking to defendant. The court granted a continuance to May 8, 1972, and further continuances were granted on motion of defendant's counsel to June 1, 1972.

On June 1, 1972, when the petition for post-conviction relief and the motion to dismiss were again before the court for hearing, defendant's

appointed counsel advised the court that he had read the entire record and had talked personally with defendant. He then presented a certificate of counsel in which he stated that there was no basis for any post-conviction relief. The trial court thereupon found, from its own examination of the files in the cause, and the certificate of defendant's counsel, that there were no constitutional grounds for any post-conviction relief and entered an order dismissing the petition.

On appeal in this court, defendant now contends that the dismissal of his post-conviction petition was violative of due process of law and denied him his right to effective assistance of counsel for the asserted reasons (1) that the judgment was based on appointed defense counsel's conclusion, unsupported in his certificate by law or fact, that the petition presented no basis for relief, and (2) that there was no showing in the record that the trial court was familiar with the record of proceedings upon which the conviction was based.

The attorney appointed to represent defendant in the post-conviction proceeding, following his review of the record, filed a certificate in which he stated that he was appointed counsel in the post-conviction proceeding and that he had reviewed the record and consulted with defendant to ascertain his contentions. He stated that, based upon his review of the record and his consultation with petitioner, the points raised in the petition for post-conviction relief and any additional points which he could raise would be wholly frivolous. This was in compliance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, § 651(c)), in which it is provided that the record filed in the post-conviction proceeding may contain a showing by a certificate of petitioner's attorney that the attorney has consulted with petitioner to ascertain his contentions of deprivation of constitutional right and has examined the record of proceedings at the trial. Certainly, counsel in the cause before us has complied with the requirements of Rule 651.

Although defendant concedes that defendant's attorney's statement literally complies with the requirements of Illinois Supreme Court Rule 651, defendant contends that the statement was simply one of conclusions, not supported by law or fact, and denied defendant effective assistance of counsel, due process of law, and equal protection of the laws. Defendant argues that the principles of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, which outlined the procedure to be followed by appointed appellate counsel, should be applied at the trial level. Defendant requests that the *Anders* rule, which applies only on the appellate level, requiring submission of a brief for disposition of issues in the court of review, should be expanded and extended to apply to trial counsel in post-conviction proceedings. If the procedure sug-

gested in the *Anders v. California* case were to be extended to the trial court level, so that counsel would be required to file a substantial brief of the character suggested in the *Anders* case, such change in procedure should obviously come from and be initiated in the supreme court of this State. We do not believe that we would be justified in now stating, in view of Rule 651, that strict and conscientious compliance with such Rule by trial counsel is somehow now inadequate and that this court should now impose on such counsel further obligations not set forth in Rule 651.

Defendant points to the case of *People v. Luechtefeld*, 11 Ill.App.3d 407, 296 N.E.2d 771, where defense counsel had filed a certificate complying with Supreme Court Rule 651 and stated therein that he had read the trial record. The court reversed the order dismissing the post-conviction petition in that case because no report of proceedings had even been transcribed at the time that certificate was filed. Obviously, the *Luechtefeld* case is not a precedent in the instant case, where the counsel actually did have the trial court record and did have an opportunity to review the record in detail, and even obtained extensions of time for the purpose of permitting him to have adequate time to do so.

It also appears from the petition for post-conviction relief that each and all of the grounds which were raised therein could have been raised in the appeal which was perfected and reviewed in this court on direct appeal from the conviction. (*People v. Griswold*, 10 Ill.App.3d 57, 59; *People v. Derengowski*, 44 Ill.2d 476.) No question was raised in that proceeding as to competency of counsel.

■■ We have previously observed that a post-conviction petition must make a substantial showing of violation of constitutional rights and that the burden is on defendant to clearly set forth in what respect his constitutional rights were violated, and support the allegations with affidavits, records, or other evidence which establishes a violation of such rights. If there is no such showing, the petition may be dismissed without a hearing. *People v. Farnsley*, 53 Ill.2d 537, 547.

■■ The allegations in the petition before us fail to meet the test for establishing incompetency of court-appointed counsel since there was no showing that he was incompetent in carrying out his duties or that substantial prejudice resulted therefrom without which the outcome of the trial would probably have been different (*People v. Morris*, 3 Ill.2d 437, 449; *People v. Lynch*, 11 Ill.App.3d 479, 481). There was no showing in the petition that any additional information or grounds were available for amendment of the petition or for affidavits to be attached thereto, nor was there any showing that defendant suffered substantial prejudice without which the outcome of his case would proably have been different.

While the certificate of counsel appointed in the post-conviction proceeding contained a recital that points raised in the original "and amended" petition for post-conviction relief and any additional points which he could raise would be wholly frivolous, there was no amended petition filed. It is obvious that defense counsel was simply asserting, in following the language of Rule 651(c), that no amended petition raising such additional points would be of any value and, in fact, that after consultation with petitioner, defendant's counsel thought that any additional points which defendant or counsel could raise would be wholly frivolous.

The record in the case shows that the trial court stated that he had examined the files in the case prior to his decision. The record of the post-conviction proceeding and the entire record of the trial where defendant was convicted, was before the court and had the same file number. There was a transcript of proceedings at the trial in the file, as shown by the discussions in court on April 19, 1972. We find no basis in the record to assume that the court acted on the motion to dismiss without examining the record. It is assumed that the determination of the trial court was based upon available evidence and that the court did in fact check the file sufficiently to give adequate consideration to the post-conviction petition.

Accordingly, on the basis of our review of the record in this cause, the order of the Circuit Court of Kankakee County is affirmed.

Affirmed.

SCOTT, P. J., and DIXON, J., concur.