THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. MEYER, Defendant-Appellant.

(No. 73-109; ▬▬▬▬▬▬▬

Third District—July 18, 1974.

Richard Steck, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Kenneth J. Meyer was indicted for the murders of Jacqueline Meyer and Linda Legacy. After plea negotiations, defendant plead guilty, to one count charging both murders, in the Circuit Court of Kankakee County. On March 20, 1970, he was sentenced to a term of not less than 30 nor more than 50 years. He did not appeal.

On July 18, 1972, defendant filed a pro se petition under the Post-Conviction Hearing Act. Counsel was appointed to represent defendant. On February 23, 1973, the State filed a motion to dismiss and on the same day defendant's appointed counsel filed a motion to withdraw and a pro se amendment to the petition. The State again moved to dismiss. On March 13, 1973, defendant, in a pro se motion, requested change of counsel. He complained that counsel had not filed an *Anders* brief with his motion to withdraw. A hearing with defendant present was held March 19, 1973. The trial judge examined each allegation of defendant's post-conviction petitions and concluded that the petitions were frivolous.

He granted counsel's motion to withdraw and the State's motion to dismiss.

■■ Defendant appeals from the dismissal of his petition contending first, that appointed counsel's motion to withdraw from a post-conviction proceeding must conform with the standards for withdrawal from a direct appeal as announced in *Anders v. California*, 386 U.S. 738. After defendant's brief was printed this court held in *People v. McCarty*, 17 Ill.App.3d 796; 308 N.E.2d 655, that *Anders* was not compulsorily applicable to proceedings at the trial-court level.

Defendant also contends that he had a substantial constitutional claim because his sentence ignores the constitutional objective of restoring him to useful citizenship. The full applicable text of article 1, section 11 of the Constitution of 1970 is, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. * * *"

■■■ This exact issue was recently decided adversely to defendant in *People v. Seidler*, 18 Ill.App.3d 705, 310 N.E.2d 421. We agree with the decision in that case and hold that the defendant has not raised an issue of constitutional dimension. (See also *People v. Rife*, 18 Ill.App.3d 602, 310 N.E.2d 179, 186.) And further, just as in *Seidler* the sentencing issue was not raised by the post-conviction petition and need not be considered on an appeal from the dismissal of the petition.

For the foregoing reasons we affirm the judgment of the Circuit Court of Kankakee County dismissing the post-conviction petition.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.