THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* WINSTON BROOKS, Petitioner-Appellant.

First District (4th Division)   No. 77-642

Opinion filed March 30, 1978.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing the post-conviction petition of Winston Brooks. The petition sought relief from his conviction for attempt rape and three- to nine-year prison sentence. This was a bench trial.

The issue presented for review is whether a free trial transcript must be supplied by the court in a post-conviction proceeding when counsel for an indigent petitioner requests such transcript in order to search for trial improprieties, even though such request fails to allege any specific constitutional violations.

Winston Brooks (hereinafter called "petitioner"), was convicted following a bench trial of attempt rape and sentenced to three to nine years in the penitentiary. (Ill. Rev. Stat. 1975, ch. 38, par. 8—4.) Approximately four months following his conviction, petitioner filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*) The *pro se* petition was dismissed without an evidentiary hearing on March 22, 1977, after the trial court refused to order that petitioner be furnished a free transcript of the proceedings at his trial. Petitioner has appealed, contending that he was entitled to a free transcript under the decision of our supreme court in *People v. Eatmon* (1970), 47 Ill. 2d 90, 264 N.E.2d 194.

At the hearing on the petition, the assistant public defender, who had been appointed to represent petitioner, stated that petitioner had not taken a direct appeal, and that there was no record to investigate. Counsel asked the court to order a transcript of petitioner's bench trial and his sentencing hearing. The State objected, citing *United States v. MacCollom* (1976), 426 U.S. 317, 48 L. Ed. 2d 666, 96 S. Ct. 2086, contending there was no allegation in the *pro se* petition to indicate that any transcript was necessary. The assistant public defender stated that petitioner had a private attorney who "negligently" failed to file a notice of appeal from his conviction. The trial court denied the request for a free

transcript, on the ground that petitioner had not shown that the transcript was necessary, but said it would allow counsel to file an amended petition setting forth any basis for issuance of a free transcript that he might have. Counsel did not file the certificate required by Supreme Court Rule 651(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c)) and did not file an amended petition.

Supreme Court Rule 651(c) provides that appointed counsel in post-conviction proceedings must file a certificate showing that he "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions." In *People v. Eatmon* (1970), 47 Ill. 2d 90, 264 N.E.2d 194, our supreme court held a free transcript must be supplied "to assist appointed counsel in determining whether errors of constitutional magnitude were present in the original proceedings." (47 Ill. 2d 90, 92.) The court's opinion in *People v. Eatmon* did not indicate the nature of the alleged violation of Eatmon's constitutional rights.

In this case, the *pro se* petition alleged only that petitioner's conviction resulted from substantial denial of his constitutional rights, the circumstances of which would appear in an amended or supplemental petition. The State contends such a naked allegation as is contained in this case is an insufficient ground for ordering a free transcript, and that the petitioner should be required to make some showing that a transcript is necessary. We find no such requirement in Supreme Court Rule 651(c) or in *People v. Eatmon.* The plurality opinion of *United States v. MacCollom*, cited by the State, is not controlling, since it concerned an interpretation of Federal law (28 U.S.C. §753(f)) that free transcripts at public expense under 28 U.S.C. §2255 are available only if the district or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. This appeal does not require us to pass on any similar statute and the supreme court of Illinois has authoritatively interpreted Supreme Court Rule 651(c) in this regard in *People v. Eatmon*, which we deem controlling.

Therefore, the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to furnish petitioner a transcript of the original trial proceedings and to permit the filing of an amended petition if desired.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.