**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200386-U

Order filed July 19, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0386 Circuit No. 97-CF-778 |
| | ) | |
| JEFFREY L. KNIGHT, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and Hauptman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant did not receive reasonable assistance of postconviction counsel.

¶ 2     Defendant, Jeffrey L. Knight, appeals the Kankakee County circuit court's dismissal of his postconviction petition. Defendant argues his appointed postconviction counsel provided unreasonable assistance for failing to adequately comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We reverse and remand.

¶ 3                                  I. BACKGROUND

¶ 4    A jury convicted defendant of first degree murder (720 ILCS 5/9-1(a)(1) (West 1996)) and concealment of a homicidal death (*id.* § 9-3.1(a)) in the death of his stepmother Marguerite Knight. The evidence at trial established that defendant lived with Marguerite and his father, Truman Knight, at the time of Marguerite's death. On December 16, 1997, Truman returned home from work at approximately 7:30 p.m. to find that he was locked out of the house. Marguerite's car was gone. Truman looked for Marguerite and reported her missing when he could not find her or her car in town. Defendant returned home the next morning driving Marguerite's car. He told Truman that Marguerite had let him borrow it.

¶ 5    Officers investigating Marguerite's disappearance found blood in the trunk of her car and in the barn behind the house. Days later, a human head, left hand, and two feet were found in Kankakee County. These body parts were later identified as Marguerite. Officers returned to the barn and found a reciprocating saw with blood on it. The autopsy revealed Marguerite died from blunt force trauma and two gunshot wounds to the back of the head.

¶ 6    The owner of the local feed store testified that he arrived at the residence on the day Marguerite went missing for a delivery, and defendant was the only person on the property. Defendant was wearing coveralls with blood on them and told him he could not enter the barn.

¶ 7    After the verdict, defendant made several claims of ineffective assistance of counsel, and the court held a two-day *Krankel* hearing. The court denied defendant's claims and proceeded to sentencing. It sentenced defendant to natural life imprisonment for first degree murder and a concurrent five years' imprisonment for concealment of a homicidal death. On direct appeal, we affirmed defendant's convictions and reduced his sentence to 60 years' imprisonment. *People v. Knight*, No. 3-99-0277 (2002) (unpublished order under Illinois Supreme Court Rule 23).

2

¶ 8        On April 8, 2002, defendant filed a postconviction petition as a self-represented litigant alleging 58 claims of ineffective assistance of trial counsel, 7 claims of prosecutorial misconduct, 1 claim of judicial bias, 7 claims of court error, and 1 claim of ineffective assistance of appellate counsel. The court advanced the petition to the second stage of proceedings on November 26, 2002.

¶ 9        For various reasons, defendant received representation from five different appointed attorneys during the pendency of his postconviction petition, and it took 18 years to litigate. Defendant's second attorney initially told the court that he had two boxes containing the court records he received from the clerk's office. The attorney stated that he believed he had all the transcripts necessary for review. He was elected Kankakee County State's Attorney before he could finish review of the transcripts and amend defendant's postconviction petition.

¶ 10       Defendant's third attorney did not receive the trial record. The clerk's office reported that the second attorney never returned the record. The fourth attorney also did not receive the original record. Instead, defendant brought his own transcripts to court and gave them to the fourth attorney. The transcripts were eventually given back to defendant when he asked for them to be returned. After the fourth attorney withdrew, the court gave a copy of defendant's transcripts to the clerk's office.

¶ 11       Defendant was then appointed a fifth attorney, who began a review of the record in the clerk's office. He found the record to be out of order and that there were gaps in it. Testimony from the trial were missing, as well as the transcripts from the *Krankel* hearing. The missing transcripts included testimony during which defendant argued he received ineffective assistance of counsel. The circuit court asked counsel to speak with the clerk's office and defendant's previous attorneys to determine what happened to the original record and how much effort it

3

would take the clerk's office to get the record transcribed again. The court also requested that counsel narrow down defendant's nearly 100 postconviction claims, to which counsel responded that all of defendant's claims had merit and he would be able to argue them all at an evidentiary hearing. At the next several court dates, counsel told the court that he had not spoken with any of the previous attorneys or the clerk. Instead, he gave the clerk defendant's personal copy of the record, which had missing pages and defendant's handwritten notes, and the clerk certified this copy. Counsel then filed a Rule 651(c) certificate, stating that he reviewed the record, discussed the matter with defendant, and made the necessary amendments to the postconviction petition. Counsel's amendment added 2 additional claims of ineffective assistance of counsel, but did not narrow down defendant's other claims, as the court had previously suggested.

¶ 12      The State filed a motion to dismiss the petition, arguing waiver and lack of prejudice. After a hearing, the court granted the State's motion. Defendant appealed.

¶ 13                          II. ANALYSIS

¶ 14      On appeal, defendant argues that, because he received unreasonable assistance of postconviction counsel, his case should be remanded for second stage postconviction proceedings.

¶ 15      Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), petitioners are entitled to a reasonable level of assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure a proper level of assistance, Rule 651(c) imposes three duties on appointed counsel. *Id.* Rule 651(c) requires postconviction counsel (1) consult with the petitioner to ascertain his claims; (2) examine the record; and (3) make any amendments necessary to the petition to adequately represent the petitioner. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Substantial compliance with the rule is required. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

4

There is a rebuttable presumption of reasonable assistance when counsel files a Rule 651(c) certificate. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. We review counsel's compliance with Rule 651(c) *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 16 Here, postconviction counsel filed a Rule 651(c) certificate; therefore, we presume that he provided reasonable assistance. It is defendant's burden to overcome this presumption of reasonableness by demonstrating that postconviction counsel failed to substantially comply with his Rule 651(c) duties. *Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 17 Defendant argues that postconviction counsel provided unreasonable assistance because counsel failed to take any steps to obtain and review missing excerpts from the record that were crucial to defendant's petition. Rule 651(c) requires counsel to examine as much of the record "as is necessary to adequately present and support those constitutional claims raised by [defendant]." *People v. Davis*, 156 Ill. 2d 149, 164 (1993). This includes taking reasonable steps to obtain necessary parts of the record. *People v. Luechtefeld*, 11 Ill. App. 3d 407, 408 (1973).

¶ 18 In this case, postconviction counsel was aware transcripts were prepared at one time but were missing when the court appointed him to defendant's case, as one had been prepared for direct appeal and thereafter returned to the clerk's office. Further, the court requested that postconviction counsel reach out to both the clerk's office and defendant's previous attorneys to locate the record and figure out how much work it would be for the clerk to transcribe the record again. Postconviction counsel failed to do as the court requested, and therefore, counsel could not fulfill his obligation under Rule 651(c) to examine the record.

¶ 19 The failure to attempt to obtain and examine those transcripts requires reversal because the petition identified specific moments during those hearings as a basis for the petition. See *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 18. Specifically, postconviction counsel never

received transcripts for the testimony of a State's witness or from the *Krankel* hearing, two moments where defendant alleges trial counsel was ineffective.

¶ 20                                     III. CONCLUSION

¶ 21            The judgment of the circuit court of Kankakee County denying defendant's postconviction is reversed and the cause is remanded for the appointment of new counsel and *de novo* postconviction proceedings held in compliance with Rule 651(c).

¶ 22            Reversed and remanded with directions.